UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

James M. Perna

      Plaintiff,

v.

Health One Credit Union and
National Credit Union Administration,

      Defendants.

Hon. Arthur J. Tarnow
Case No. 2:19-cv-10001

Lower Court:
Macomb County Circuit Court
Case No. 18-004330-CZ
Honorable Jennifer M. Faunce

---

**MOTION TO CORRECT NONJOINER AND MISJOINER OF PARTIES**

      Pursuant to Federal Rule of Civil Procedure 21, the National Credit Union Administration moves this Court for entry of an order adding the real party in interest – the National Credit Union Administration Board, in its capacity as liquidating agent for Health One Credit Union – as party defendant and dropping misjoined defendants Health One Credit Union and the National Credit Union Administration for the following reasons:

      1.    The National Credit Union Administration ("NCUA") is an independent agency of the executive branch of the federal government managed by the National Credit Administration Board ("NCUA Board"), 12 U.S.C. § 1752a(a), that, among other things, insures deposits at state-charted credit unions, and may

serve as a conservator or liquidating agent for a federally-insured, state-chartered credit union.

2.  The Department of Financial and Insurance Services appointed the NCUA Board as conservator of Health One Credit Union ("HOCU"), on May 16, 2014. The NCUA Board's role as conservator is alleged by Plaintiff in paragraphs 38 and 75 of his complaint, though a copy of the order is not attached as an exhibit. A true copy of the Conservatorship Order is attached here as Exhibit C.

3.  On the day of its appointment, the NCUA Board, acting in its capacity as conservator, and citing its authority under federal law, sent a letter to Plaintiff repudiating his employment agreement and terminating his employment with the credit union. Though paragraphs 38-39 of Plaintiff's complaint allege that representatives of the NCUA Board acting as conservator for HOCU terminated his employment on May 16, 2014, Plaintiff neglected to attach the letter repudiating his contract and terminating his employment as an exhibit. A true and correct copy of the letter repudiating the contract and terminating Plaintiff's employment is attached here as Exhibit D.

4.  On December 12, 2014, HOCU was placed into receivership by order of the Ingham County Circuit Court. The receivership order terminated the conservatorship and appointed the NCUA Board as receiver, and directed it to liquidate the credit union's assets. The NCUA Board's role as receiver is alleged

by Plaintiff in paragraph 75 of his complaint, and a copy of the order attached as Exhibit 9. A true and correct copy of the Receivership Order is attached as Exhibit E.

5. The NCUA Board accepted the appointment and in turn appointed itself as liquidating agent pursuant to the applicable provisions of 12 U.S.C. § 1787(j). A copy of the NCUA Board letter accepting appointment is attached as Exhibit F.

6. Plaintiff filed a complaint in the Circuit Court for Macomb County, Michigan on November 7, 2018, naming Health One Credit Union and the National Credit Union Administration as defendants. A copy of the complaint is attached as Exhibit G. The relief sought is confirmation of an arbitration award in the amount of $315,645.02 entered against Health One Credit Union, (Exhibit G at ¶ 71), vacation of the arbitrator's determination that the National Credit Union Administration, while acting in its capacity as a conservator and receiver of HOCU, was not a party Plaintiff's employment agreement with the credit union and therefore not liable to Plaintiff, (Exhibit G at ¶¶ 75-77), and modification of the award to include the National Credit Union Administration as Receiver as a liable party, (Exhibit G at ¶¶ 81-82).

7. Neither named defendant is a required party under Rule 19. The NCUA Board, acting in its capacity as conservator took possession of the business,

assets and records of HOCU, and was authorized to take any action it deemed necessary to conserve the assets of the credit union. *See* Exhibit C, Conservatorship Order at 3. Upon acceptance of appointment as receiver, the NCUA Board as Receiver for HOCU succeeded by operation of law to title to all the assets, business and property of HOCU. *See* Exhibit E, Receivership Order at 3. That vesting of assets transferred by operation of law when the NCUA appointed itself liquidating agent under federal law. *See* 12 U.S.C. § 1787(j).

8. This Court has authority under Rule 21, upon motion or on its own, to correct the nonjoinder of the real party in interest by adding the National Credit Union Administration in its capacity as Liquidating Agent for Health One Credit Union as a party, and the misjoinder of defendants Health One Credit Union and the National Credit Union Administration by dropping them. The foregoing not only establishes the legal status of Health One Credit Union and the National Credit Union Administration Board's legal relationship to the credit union, but also the plaintiff's acknowledgment of the legal status of the named defendants in his pleadings.

9. The foregoing also shows that neither Health One Credit Union nor the National Credit Union Administration are parties required to be joined under Rule 19, as neither is the proper object of an order granting the relief requested.

Wherefore, it is requested that this Court enter an order adding the National Credit Union Administration in its capacity as Liquidating Agent of Health One Credit Union as defendant to this action because it is the real party interest, and dropping Health One Credit Union and the National Credit Union Administration as they were misjoined and are not required parties under Rule 19.

        Respectfully submitted

        /s/ Emily C. Palacios
        Miller, Canfield, Paddock and Stone, P.L.C.
        *Attorneys for Defendants*
        101 North Main Street, 7th Floor
        Ann Arbor, Michigan 48104
        T: (734) 668-7784; F: (734) 747-7147
        palacios@millercanfield.com
        P64941

Dated:  January 2, 2019

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

James M. Perna

      Plaintiff,

v.

Health One Credit Union and
National Credit Union Administration,

      Defendants.

Hon. Arthur J. Tarnow
Case No. 2:19-cv-10001

Lower Court:
Macomb County Circuit Court
Case No. 18-004330-CZ
Honorable Jennifer M. Faunce

---

**BRIEF IN SUPPORT OF MOTION TO CORRECT
NONJOINDER AND MISJOINER OF PARTIES**

    The National Credit Union Administration moves this Court for entry of an order adding the real party in interest – the National Credit Union Administration Board, in its capacity as liquidating agent for Health One Credit Union – as party defendant and dropping misjoined defendants Health One Credit Union and the National Credit Union Administration under Federal Rule of Civil Procedure 21 for the reasons stated in its motion.

    Wherefore, it is requested that this Court enter an order adding the National Credit Union Administration in its capacity as Liquidating Agent of Health One Credit Union as defendant to this action because it is the real party interest, and

-2-

dropping Health One Credit Union and the National Credit Union Administration because they were misjoined and otherwise not required parties under Rule 19.

                Respectfully submitted

                /s/ Emily C. Palacios
                Miller, Canfield, Paddock and Stone, P.L.C.
                *Attorneys for Defendants*
                101 North Main Street, 7th Floor
                Ann Arbor, Michigan 48104
                T: (734) 668-7784; F: (734) 747-7147
                palacios@millercanfield.com
                P64941

Dated:  January 2, 2019

## CERTIFICATE OF SERVICE

I hereby certify that on January 2, 2019, I electronically filed the foregoing *Motion to Correct Nonjoinder and Misjoinder of Parties* and accompanying brief in support of same with the Clerk of the Court using the court's electronic filing system, which will send notification of such filing to all parties of record, and mailed copies to the Clerk of the Court and all parties of record by first-class U.S. Mail.

                /s/ Emily C. Palacios