UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES M. PERNA,

    Plaintiff,

v.

HEALTH ONE CREDIT UNION, ET AL.,

    Defendants.

_____/

Case No. 19-10001

SENIOR U.S. DISTRICT JUDGE
ARTHUR J. TARNOW

U.S. MAGISTRATE JUDGE
ANTHONY P. PATTI

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO SUBSTITUTE PARTY TO CORRECT NONJOINDER AND MISJOINDER [3]

Plaintiff, James Perna, brings this suit to enforce an arbitration award against his former employer, Defendant Health One Credit Union ("HOCU"), and the federal agency appointed as its conservator and receiver. The identity of that agency is in dispute, which is the subject of this motion. Plaintiff maintains that it sued the correct entity, the National Credit Union Administration ("NCUA"). Defendants contend that the correct defendant would actually be the National Credit Union Administration Board ("NCUA Board").

### FACTUAL BACKGROUND

Mr. Perna began working for HOCU on January 16, 1971. (Compl. ¶ 7). His employment contract was repeatedly renewed throughout this time, and he

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES M. PERNA,

    Plaintiff,

v.

HEALTH ONE CREDIT UNION, ET AL.,

    Defendants.

_____/

Case No. 19-10001

SENIOR U.S. DISTRICT JUDGE
ARTHUR J. TARNOW

U.S. MAGISTRATE JUDGE
ANTHONY P. PATTI

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO SUBSTITUTE PARTY TO CORRECT NONJOINDER AND MISJOINDER [3]

Plaintiff, James Perna, brings this suit to enforce an arbitration award against his former employer, Defendant Health One Credit Union ("HOCU"), and the federal agency appointed as its conservator and receiver. The identity of that agency is in dispute, which is the subject of this motion. Plaintiff maintains that it sued the correct entity, the National Credit Union Administration ("NCUA"). Defendants contend that the correct defendant would actually be the National Credit Union Administration Board ("NCUA Board").

### FACTUAL BACKGROUND

Mr. Perna began working for HOCU on January 16, 1971. (Compl. ¶ 7). His employment contract was repeatedly renewed throughout this time, and he

—

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES M. PERNA,

    Plaintiff,

v.

HEALTH ONE CREDIT UNION, ET AL.,

    Defendants.

_____/

Case No. 19-10001

SENIOR U.S. DISTRICT JUDGE
ARTHUR J. TARNOW

U.S. MAGISTRATE JUDGE
ANTHONY P. PATTI

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO SUBSTITUTE PARTY TO CORRECT NONJOINDER AND MISJOINDER [3]

Plaintiff, James Perna, brings this suit to enforce an arbitration award against his former employer, Defendant Health One Credit Union ("HOCU"), and the federal agency appointed as its conservator and receiver. The identity of that agency is in dispute, which is the subject of this motion. Plaintiff maintains that it sued the correct entity, the National Credit Union Administration ("NCUA"). Defendants contend that the correct defendant would actually be the National Credit Union Administration Board ("NCUA Board").

### FACTUAL BACKGROUND

Mr. Perna began working for HOCU on January 16, 1971. (Compl. ¶ 7). His employment contract was repeatedly renewed throughout this time, and he

eventually became the highest-ranking employee at HOCU. (August 27, 2018 Arbitration Hearing Tr., Dkt. 1-3, pg. 13).

On May 16, 2014, Annette Flood, the Director of the Office of Credit Unions for Michigan's Department of Insurance and Financial Services ("DIFS"), appointed the NCUA Board as the conservator of HOCU, pursuant to M.C.L. 490.241. (Dkt. 1-4, Ex. C). Director Flood based her decision on a confidential DIFS staff memorandum, and found that it was necessary to appoint a conservator "to conserve the credit union's assets, for the benefit of its members, depositors and other creditors." (Id.). That same day, Mr. Perna was terminated by a letter signed by L.J. Blankenberger, "Agent for the Conservator," and the Director of Region 1 of the NCUA. The letter explained that Federal Credit Union Act provided the Conservator the right to repudiate any contract that is deemed burdensome and whose repudiation would promote the orderly administration of the credit union's affairs. (Dkt. 1-5, Ex. D (citing 12 U.S.C. § 1787(c))). Mr. Perna's employment contract was deemed by the conservator to be one such contract, and it was repudiated. (Id.).

Following his sudden termination, Mr. Perna filed for unpaid wages and fringe benefits with the Occupational Safety and Health Administration Wage and Hours Program of the Michigan Department of Licensing and Regulatory Affairs ("LARA"), but was told by counsel for Defendants and by LARA that the state

agency could not decide the issue because it was preempted by the arbitration clause in Mr. Perna's employment agreement. (Compl. ¶¶ 59-60).

Mr. Perna then scheduled an arbitration with the American Association of Arbitrators ("AAA"). Neither representatives from HOCU nor from NCUA responded to notices of arbitration, however, even after the arbitrator sent them letters that the arbitration would be held in their absence. (Arb. Hr'g Tr. 6). The arbitration hearing was held on August 27, 2018, without the presence of the Defendants or briefing on their behalf. (Id.). Plaintiff paid Defendants' share of the arbitration fee. (Id. at 8).

On October 12, 2018, Arbitrator Samuel McCargo issued an award for Mr. Perna in the amount of $315.645.02. (Dkt. 1-3, Ex. 15). The Arbitrator observed that since his authority derived from the employment contract between HOCU and Mr. Perna, he would not decide NCUA's obligations to Mr. Perna. (Id.).

## PROCEDURAL HISTORY

Plaintiff filed his case on November 7, 2018 in Macomb County Circuit Court. Defendants removed the case to federal court on January 2, 2019 on the basis of FCUA's grant of jurisdiction to civil suits in which the NCUA is a party. 12 U.S.C. § 1789(a)(2).[1] [Dkt. 1]. That same day, Defendants filed their Motion to Substitute

---

[1] The statute technically provides such jurisdiction to the Board of the NCUA. The Court otherwise has jurisdiction under 28 U.S.C. § 1331, as the NCUA is an agency of the federal government.

Party [3]. That motion is now fully briefed. The Court now finds the motions suitable for determination without a hearing in accord with Local Rule 7.1(f)(2).

## STANDARD OF REVIEW

Defendants bring their motion under FED. R. CIV. P. 19 & 21.

Courts evaluating motions brought under Rule 19 typically use a three-step analysis to determine whether a case can proceed in the absence of a particular party. *See Keweenaw Bay Indian Community v. Michigan*, 11 F.3d 1341, 1345 (6th Cir. 1993). First, the Court must determine if the person or entity is a necessary party under FED. R. CIV. P. 19(a), which provides as follows.

> (1) Required Party. A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
> (i) as a practical matter impair or impede the person's ability to protect the interest; or
> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

FED. R. CIV. P. 19(a).

Second, if the entity is necessary, the Court asks whether joinder will deprive it of subject matter jurisdiction. *May v. Citimortage*, 2013 U.S. Dist. LEXIS 175448 (E.D. Mich. Dec. 13, 2013) (citing *Glancy v. Taubman Centers, Inc.* 373 F.3d 656, 666 (6th Cir. 2004). Third, if joinder is not feasible because it will eliminate the

Court's ability to hear the case, it must analyze the Rule 19(b) factors to determine if dismissal is warranted. (Id.).

Rule 21 provides a remedy for the misjoinder of parties. *Harris v. Gerth*, 2008 U.S. Dist. LEXIS 104921 (E.D. Mich. Dec. 30, 2008).

> Misjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party.

FED. R. CIV. P. 21.

Rule 21 was promulgated in order to obviate harsh common law rules of misjoinder and nonjoinder. *See, e.g. Halladay v. Verschoor*, 381 F.2d 100 (8th Cir. 1967) (citing *Kerr v. Compagnie De Ultramar*, 250 F.2d 860, 864 (2d Cir. 1958).

## ANALYSIS

Defendants seek to replace HOCU and the NCUA with the NCUA Board. They cite no caselaw at all, and jump from Rule 21 to Rule 19 without analyzing the interplay between the two rules or the legal basis for their interpretation of the Rules. Plaintiffs in their response argue that Defendants waived their right to contest the named defendants by failing to appear at arbitration. They further argue that NCUA, not the NCUA Board, is the receiver of HUCA.

The Court must first decide if the NCUA Board is a necessary party to this action. The May 16, 2014 DIFS Order appointed the Board as the Conservator of HOCU. That appointment was confirmed by L.J. Blankenberger's letter to DIFS

Director Flood, on November 26, 2014, which appears to be sent in his capacity as a Regional Director of the NCUA. (Dkt. 1-7, Ex. F). The close relationship between the two entities is confirmed by the statutory scheme. See 12 U.S.C. § 1752a(a) ("There is established in the executive branch of the Government an independent agency to be known as the National Credit Union Administration. The Administration shall be under the management of a National Credit Union Administration Board.").

The confusion between the two entities seems to have infected the procedural history of this case. The December 12, 2014 Order by the Ingham County Circuit Court plainly appointed NCUA as receiver. It did so after observing that "the DIFS Director entered an order appointing the National Credit Union Administration (NCUA) as Conservator for Health One Credit Union based on its unsafe and unsound condition." (Dkt. 1-6, Ex. E). This observation was technically incorrect, lending credence to Defendants' theory that the Circuit Court meant to appoint the NCUA Board as Receiver (and transform the conservator into a receiver). The Circuit Court issued its order pursuant to Michigan's Credit Union Act, M.C.L. § 490.233, which requires court approval to create a receivership, and the FCUA in general. The FCUA provides that the NCUA Board is entrusted with the NCUA Insurance Fund, which is the insurance fund that subjected HOCU to the NCUA

according to Director Flood's Order, and is the fund available for assisting with the liquidation of insured credit unions (like HOCU). See 12 U.S.C. § 1783(a).

Ultimately, the question of liability apportioning liability between the NCUA Board and the NCUA is a factual question ill-suited for this stage of litigation. It is apparent even at this early stage, however, that the NCUA Board is an essential party. Referencing FED. R. CIV. P. 19(a)(1)(B)(i-ii), the Court finds that the NCUA Board certainly has an interest in this litigation. The two subparts ((B)(i) and (B)(ii)) are read disjunctively, and the NCUA Board will be a necessary party if its absence either impedes its ability to protect that interest or exposes it to duplicative liability or inconsistent obligations. Both these conditions are met. The Board has a statutory interest in how its funds are allocated, whether it properly allocated exercised its powers when it deemed Mr. Perna's contract repudiated, and the extent to which, if at all, it is subject to state or federal arbitration law. Further, it would be inefficient and unfair to sever the Board from the Administration where both could face liability for the acts of HOCU's Conservator or Receiver.

Looking to the second and third steps of a Rule 19 analysis, the Court finds that the joinder of the NCUA Board will not deprive it off subject-matter jurisdiction or deprive it of the power to hear the case. There is no need to continue to the Rule 19(b) weighing of equities at this stage. NCUA Board will be joined as a party.

NCUA Board's joinder does not provide a basis for the dismissal of the other two Defendants, however. Plaintiff has adequately pled, at least within the meaning of a technical pleading Rule, that the NCUA was involved in his termination. Whether NCUA, or the NCUA Board, possesses or possessed HOCU's assets is a question that can be answered, if necessary, under a dispositive motion standard. Accordingly,

**IT IS ORDERED** that Defendant's Motion to Substitute Party [3] is **GRANTED IN PART AND DENIED IN PART**.

**IT IS FURTHER ORDERED** that the National Credit Union Administration Board shall be joined as a Defendant in this suit, pursuant to FED. R. CIV. P. 21.

**SO ORDERED**.

Dated: April 2, 2019

s/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge