UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JAMES M. PERNA, | Case No. 19-10001 |
| Plaintiff, | SENIOR U.S. DISTRICT JUDGE |
| v. | ARTHUR J. TARNOW |
| HEALTH ONE CREDIT UNION, ET AL., | U.S. MAGISTRATE JUDGE |
| Defendants. | ANTHONY P. PATTI |

_____/

**ORDER DENYING DEFENDANTS' MOTION FOR RECONSIDERATION [15]**

Plaintiff, James Perna, brought this suit to enforce an arbitration award against his former employer, Defendant Health One Credit Union ("HOCU"), and the federal agency appointed as its conservator and receiver. The parties dispute whether the proper Defendants are the National Credit Union Administration ("NCUA") and Health One Credit Union ("HOCU"), which were named by the Plaintiff, or the National Credit Union Administration Board ("NCUA Board"), which Defendants moved to replace the other two defendants. Specifically, on January 2, 2019, the Defendants moved to replace HOCU and NCUA with the NCUA Board "in its capacity as liquidating agency for Health One Credit Union." [Dkt. # 3].

On April 2, 2019, the Court granted in part and denied in part Defendants' motion. [Dkt. #14]. NCUA Board was joined as a party pursuant to FED. R. CIV. P.

21, but the Court found no basis to remove the parties already named in Plaintiff's Complaint. Defendants now move the Court to reconsider its holding and modify its joinder of the NCUA Board to reflect its limited role in the lawsuit as liquidating agent of HOCU. The Local Rules of the Eastern District of Michigan provide that a motion for reconsideration must show that the court and the parties were misled by a "palpable defect." See L.R. 7.1(h)(3).

Defendants argue that since the NCUA Board was joined only by its own motion, it has the right to limit the capacity in which it is sued. They cite no authority for this proposition. Further, limiting the capacity in which the NCUA Board is sued is inappropriate at this stage of the litigation. 12 U.S.C. § 1787 provides that the NCUA Board shall act as a liquidating agent for a bankrupt or insolvent federal credit union. The Federal Credit Union Act gives the NCUA Board broad powers to dispense with credit union assets in its capacity as liquidating agent. Nevertheless, in this case, there is ambiguity as to the NCUA and/or the NCUA Board's roles as Conservator as HOCU and then as Receiver as HOCU, pursuant to Michigan state law. (See Dkt. # 14 pg. 6).

The Court's April 2, 2019 Order [14] discussed the NCUA Board's role as conservator and receiver, because those were the roles designated by Michigan's Department of Insurance and Financial Services and Ingham County Circuit Court. (Id. at pg. 2, 6). Presumably the NCUA Board sees these state law roles (arising

from M.C.L. §§ 490.233 & 490.241) as part-and-parcel of its federal statutory role as liquidating agent. Nevertheless, the interplay between these roles, and their concomitant statutory powers and obligations, reaches the merits of the case.

This suit, though still at an early stage, seems to turn on the power of one or more of the three defendants to terminate Plaintiff and then resist a contractual arbitration clause. Defendants have not shown a palpable defect with the Court's holding that the question of who possessed HOCU's assets when, and how, is better answered under a dispositive motion standard than a procedural joinder motion. (Dkt. 14 pg. 8). The question is even less well-suited for a motion for reconsideration, in which the non-movant is not permitted to respond.

**IT IS ORDERED** that Defendants' Motion for Reconsideration [15] is **DENIED**.

**SO ORDERED**.

Dated: April 25, 2019

s/Arthur J. Tarnow  
Arthur J. Tarnow  
Senior United States District Judge